78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony ALEXANDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2910.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1996.*
Decided Feb. 27, 1996.
 
 Before LAY,** EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Alexander seeks release from custody under 28 U.S.C. § 2255, arguing that his lawyer rendered ineffective assistance of counsel by failing to file a motion to suppress evidence against him.
 
 
 2
 The district judge denied this petition for three reasons: first, a collateral attack resting on the Fourth Amendment's exclusionary rule is barred by Stone v. Powell, 428 U.S. 465 (1976). Second, a claim of ineffective assistance is not a way to avoid Stone, because it, too, could have been raised on direct appeal--the bases of the claim were in the record, and Alexander had new appellate counsel. Third, the judge held, the Fourth Amendment objection would have failed on the merits, and counsel should not be branded as ineffective for failing to file doomed motions.
 
 
 3
 We agree with the first two of these conclusions and therefore think it inappropriate (and certainly unnecessary) to address the third. One further comment about the second reason is appropriate. Alexander did not argue on direct appeal that his lawyer was ineffective for failure to procure suppression of adverse evidence. But he did argue that his lawyer was ineffective. He contended that the district judge's decision to admit certain telephone records nullified his lawyer's trial strategy and deprived him of the effective assistance of counsel. We considered and rejected this argument on the merits. A petition under § 2255 is not an appropriate way to add a new wrinkle to a theme advanced, and resolved, on direct appeal. United States v. Taglia, 922 F.2d 413 (7th Cir.1991).
 
 
 4
 AFFIRMED.
 
 
 
 *
 An earlier appeal was argued on September 12, 1994. This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b), and the judges are unanimously of opinion that a second oral argument would not be helpful
 
 
 **
 Of the Eighth Circuit, sitting by designation